**Affirmed and Memorandum Opinion filed October 4, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00996-CR

---

**ANTHONY JAMES CASE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1265680**

---

## MEMORANDUM OPINION

A jury convicted appellant of capital murder and sentenced him to life without parole.[1]  Appellant brings this appeal.  We affirm.

---

[1] The State did not seek the death penalty.

## BACKGROUND

A brief summary of the evidence adduced at trial reflects that appellant went to the apartment of Christopher Potts and Ashley Lejune to smoke marijuana. As Potts proceeded down the hallway, appellant followed him. Lejune was in the kitchen when she heard Potts shout. Potts stumbled down the hallway holding his neck. Potts fell face down in the living room. Lejune ran towards Potts and appellant chased her. Appellant stabbed Lejune in the back, grabbed her hair, and cut her throat and mouth area. Appellant kept yelling at Lejune to shut up and asked repeatedly, "Where is the money?" Appellant then went to Potts's body and began searching his pockets. Lejune ran for the door but was caught by appellant. Appellant stabbed Lejune in the side and told her not to move or he would kill her. Appellant returned to Potts's body and continued searching his pockets. Lejune ran out the door and began knocking on doors until someone answered. She called 911 from a neighbor's apartment.

The next day, appellant told Terry Jones he had killed Potts. Appellant was arrested that day with $344.00 in his pocket. Three bills tested positive for blood and DNA testing did not rule out Potts, Lejune or appellant as contributors on one of the bills.

## ADMISSION OF EVIDENCE

In his sole issue on appeal, appellant claims the trial court abused its discretion in admitting into evidence during the guilt/innocence phase a letter he wrote while awaiting trial.[2] The record reflects defense counsel objected to the evidence on grounds that it was more prejudicial than probative. *See* Tex. R. Evid. 403.

---

[2] The letter states, in pertinent part: "Well when I was killing your good friend I had a smile on my face because his blood was going everywhere Ashley's b[----] a[--] got lucky but that is better she will never forget I hope she has nightmares I hope she see's me in her sleep cutting her open. I hope she see's me stabing Chris time after time. Well I think you know to much already B[----] so have a bad life and oh yeah, I'm not rotting Chris is." [All errors are in the original.]

2

Appellant contends the only issue at trial was whether he formed the intent to rob Potts before he stabbed him. Because the letter discloses nothing about the robbery, appellant argues, its probative value was outweighed by its prejudicial effect.

Appellant also claims "[t]here was no evidence introduced that would raise self-defense or a lack of intent to kill that the letter could have contradicted." However, Andrew Case testified that appellant told him that he was attacked by two black males and a white female and "they had a knife." According to Andrew, appellant said "they called him a white boy." Appellant told Andrew "they kicked him in the chest and started jumping on him and the guy dropped the knife." Andrew testified that appellant told him "they were trying to rob him."

## STANDARD OF REVIEW

Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Jones v. State,* 944 S.W.2d 642, 652 (Tex. Crim. App. 1996). Relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403.

When conducting the balancing test under Rule 403, the trial court determines whether the probative value of the evidence is substantially outweighed by one of the countervailing considerations listed in the rule. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). The trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or repeat evidence already

3

admitted.  *Id.* at 880.  "In keeping with the presumption of admissibility of relevant evidence, trial courts should favor admission in close cases."  Id. at 879.  Rarely will the prejudicial value render inadmissible any evidence that is context of the offense.  *Mann v. State,* 718 S.W.2d 741, 744 (Tex. Crim. App. 1986).

We review the trial court's decision for an abuse of discretion.  *State v. Melcher*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).  "The test for whether the trial court abused its discretion is whether the action was arbitrary or unreasonable.  An appellate court should not reverse a trial judge whose ruling was within the zone of reasonable disagreement."  *Id.* at 439-40.

## ANALYSIS

Appellant entered a plea of not guilty to the charge of capital murder.  A plea of not guilty "shall be construed to be a denial of every material allegation in the indictment."  *See* Tex. Code Crim. Pro Ann. art. 27.17 (West 2006).  Every element of the offense of capital murder was put in issue by appellant's plea of not guilty.  *Flores v. State*, 151 Tex. Crim. 478, 487, 209 S.W.2d 168, 173 (Tex. Crim. App. 1948).  The State therefore had the burden to prove appellant, while in the course of committing and attempting to commit the robbery of the complainant, intentionally caused the death of the complainant by stabbing the complainant with a deadly weapon, namely, a knife.  *See* Act of May 19, 2005, 79th Leg. R.S., ch. 428, § 1, sec. 19.03(a), Tex. Gen. Laws 1129 (amended 2011) (current version at Tex. Pen. Code Ann. § 19.03(a)(2) (West Supp. 2012); Tex. Pen. Code Ann. § 19.02(b)(1) (West 2011).  Evidence was introduced that raised an issue as to whether appellant intentionally caused the complainant's death.  Appellant's letter was thus highly probative of the charged offense.

Appellant claims the probative value of the letter was substantially outweighed by the danger of unfair prejudice.  Balancing the factors in the rule, we find the time needed to develop and present the evidence was minimal and the evidence was needed to prove appellant intentionally caused the complainant's death.  The evidence relates directly to

4

the charged offense, which negates any tendency of the evidence to suggest decision on an improper basis, to confuse or distract the jury from the main issues, or to be given undue weight by the jury. "Unfair" prejudice is that which tempts the jury into finding guilt on grounds apart from proof of the offense charged. *Melcher,* 153 S.W.3d at 440; *Manning v. State,* 114S.W.3d 922, 927 (Tex. Crim. App. 2003). The letter was direct proof of the offense charged and therefore not unfairly prejudicial.

Accordingly, the trial court's decision that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice was not arbitrary or unreasonable. We find the trial court did not abuse its discretion in admitting the evidence.

We overrule appellant's sole issue on appeal and affirm the trial court's judgment.


PER CURIAM


Panel consists of Justices Seymore, Boyce, and McCally.
Do Not Publish—Tex. R. App. P. 47.2(b).

5